**Dara Lynn HACKOS, Plaintiff,**

v.

**Scottie Harrison SPARKS; and Frederick Kent Bowes, III, Defendants.**

**No. CIV.1:04 CV 00600.**

United States District Court, M.D. North Carolina.

April 12, 2005.

David Curtis Smith, Davis Flanagan Bibbs & Smith, PLLC, Durham, NC, for Plaintiff.

Stephanie Gacek Cook, Kalbaugh Pfund & Messersmith, Roanoke, VA, for Defendants.

---

## MEMORANDUM OPINION

BULLOCK, District Judge.

Dara Lynn Hackos ("Plaintiff") brought this tort action on June 28, 2004, against Scottie Harrison Sparks and Frederick Kent Bowes, III, ("Defendants") in the United States District Court for the Middle District of North Carolina based on diversity of citizenship under 28 U.S.C. § 1332. Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue under 28 U.S.C. § 1391(a).[1] For the following reasons, the court will grant Defendants' motion to dismiss this action.

## BACKGROUND

Defendants both reside in Pittsylvania County, Virginia, which is located in the Western District of Virginia. Plaintiff resides in Caswell County, North Carolina, which is located in the Middle District of North Carolina. On August 25, 2001, Plaintiff was injured in a car accident in Pittsylvania County, Virginia. Defendant Sparks was driving the motor vehicle involved in the car accident, and Defendant Bowes was the owner of the motor vehicle involved in the accident.

## DISCUSSION

■ 28 U.S.C. § 1391(a) provides that the proper venue for plaintiff to pursue a claim in a diversity action is

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situat-

---

1. Defendants' first motion to dismiss included a claim alleging a lack of personal jurisdiction over Defendants. The first motion was stricken, and the Defendants did not renew their personal jurisdiction claim in their second motion to dismiss. Accordingly, the court need not consider the issue of personal jurisdiction.

ed, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. The burden lies with the plaintiff to establish that venue is proper in the judicial district in which the plaintiff has brought the action when an objection to venue has been raised under Federal Rule of Civil Procedure 12(b)(3). *Plant Genetic Sys., N.V. v. Ciba Seeds,* 933 F.Supp. 519, 526 (M.D.N.C.1996). 28 U.S.C. § 1406(a) dictates that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The statute permits courts to dismiss an action if venue is improper, but "in most cases of improper venue . . . courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss. The reasons for doing this are especially compelling if the statute of limitations has run, so that dismissal would prevent a new suit by plaintiff." 15 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 3827 at 268 (2d ed.1986); *see also MTGLQ Investors, L.P. v. Guire,* 286 F.Supp.2d 561, 566 (D.Md.2003) (stating that claims can be dismissed after a finding of lack of venue).

■ Here, Plaintiff failed to establish that venue is appropriate in the Middle District of North Carolina: neither Defendant resides in the Middle District of North Carolina, as both reside in the Western District of Virginia, and the automobile accident giving rise to Plaintiff's claim occurred in the Western District of Virginia. Furthermore, there is little indi-

cation that the interests of justice would be furthered by transferring the case to the Western District of Virginia.[2] Accordingly, the court finds that dismissal pursuant to 28 U.S.C. § 1406(a) is appropriate.

## CONCLUSION

Venue is improper in the Middle District of North Carolina under 28 U.S.C. § 1391. For the foregoing reasons, the court will grant Defendants' motion to dismiss pursuant to 28 U.S.C. § 1406(a).

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

## *ORDER*

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Defendants' motion to dismiss [Doc. # 9] is **GRANTED**, and this action is **DISMISSED** without prejudice.

**2.** If the court transferred the case to the Western District of Virginia, that court would likely find Plaintiff's suit untimely. *See, e.g.,* Va. Code § 8.01–243 (Michie 2004) ("every action

for personal injuries, whatever the theory of recovery, . . . shall be brought within two years after the cause of action accrues").